PAUL J. FISHMAN
United States Attorney
KRISTIN L. VASSALLO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel.: (973) 645-2700

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. JOEL A. PISANO |
| *Petitioner,* | *Civil Action No.* 12-CV-6290 (JAP) |
| v. | **PETITIONER'S MEMORANDUM IN SUPPORT OF ISSUANCE OF AN ORDER TO SHOW CAUSE** |
| CHARLES NOVINS, | |
| *Respondent.* | |

This matter comes before the Court on Petitioner's motion for the issuance of an Order to Show Cause why Respondent Charles Novins should not be held in civil contempt for failure to comply with the Court's Order of June 19, 2013 (the "June 19, 2013 Order") that required Mr. Novins to produce to the Internal Revenue Service (the "IRS") all material identified in the summons previously issued and served upon Mr. Novins by the IRS. Because Mr. Novins has failed to comply with the June 19, 2013 Order, an Order to Show Cause should issue.

## FACTS

On May 7, 2012, Miriam Popowitz ("RO Popowitz"), a revenue officer employed by the IRS, issued an IRS summons (the "Summons") directing Mr. Novins to appear before her on June 13, 2012 to testify and to produce the books, records, and other documents demanded in the summons. See Declaration of Miriam Popowitz, dated September 13, 2013 ("Popowitz Decl.") ¶

1

2. The Summons (attached as Exhibit A to the Popowitz declaration) sought information relating to tax liabilities for 2009. See id.; Exhibit A (Summons) at 1-2. RO Popowitz served the Summons on Mr. Novins by leaving a copy of the Summons with Anne Cafasso, an adult of suitable age and discretion, at Mr. Novins's residence in Toms River, New Jersey. See Popowitz Decl. ¶ 3. Although Mr. Novins appeared at IRS offices on June 13, 2012, he refused to comply with the Summons. See id. ¶ 4. A "last chance" letter was sent to Mr. Novins directing him to appear at IRS offices on July 24, 2012, but he did not appear on that date. See id.

Because of Mr. Novins's failure to comply with the Summons, the United States filed a petition to enforce the summons on October 5, 2012. See id. ¶ 5. On November 15, 2012, the Court issued an order directing Mr. Novins to show cause why he should not compelled to obey the Summons. See id. Upon request of the Government, the Court issued an amended order to show cause setting a hearing date of May 15, 2012. See id. On April 4, 2013, RO Popowitz served Mr. Novins with a copy of the petition, supporting documents, and the amended order to show cause. See id.

The Court rescheduled the hearing on the order to show cause to June 19, 2013. See id. ¶ 6. On that date, Mr. Novins appeared before the Court and consented to entry of an order granting the petition. See id.; Ex. B (June 19, 2013 Order) at 1. Pursuant to the June 19, 2013 Order, Mr. Novins was directed to obey the IRS summons by appearing at IRS offices and producing the records and information sought by the summons "at such time and place as may be fixed by the Internal Revenue Service." See id.

On June 20, 2013, the United States Attorney's Office sent Mr. Novins a copy of the Court's June 19, 2013 order and advised him that "the IRS has fixed the time and place [for him to comply with the summons] as follows: July 23, 2013, at 10:00 a.m.; 4 Paragon Way, Suite 2,

Freehold, NJ 07728." Popowitz Decl. ¶ 7; Ex. C (June 20, 2013 Letter) at 1. The letter noted that, when the Government's attorney spoke with Mr. Novins, he "indicated that this time and date was convenient for [him]." Id.

Mr. Novins did not appear at IRS offices on July 23, 2013 or otherwise comply with the summons. See Popowitz Decl. ¶ 8. On July 30, 2013, the United States Attorney's Office sent a letter to Mr. Novins informing him that the Government was prepared to move for contempt to enforce the Court's June 19, 2012 order, but would extend one final opportunity to comply with the order. See id. ¶ 9; Ex. D (July 30, 2013 Letter) at 1. The letter further informed Mr. Novins that to avoid such a motion, he had to provide RO Popowitz with a completed tax return for 2009 by August 8, 2013. See id.

As of this date, Mr. Novins still has not provided RO Popowitz with the tax return required by the IRS Summons. See id. ¶ 10. Because of his continued failure to comply with the Summonss, the Government is constrained to again seek assistance from the Court, and now brings this motion for an order to show cause why Mr. Novins should not be held in civil contempt.

## DISCUSSION

The Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966) (citing United States v. United Mine Workers, 330 U.S. 258, 330-332 (1947)). The Court may find a party who disobeys a lawful order in contempt and may conduct such inquiry as is necessary to determine whether the party's action is, in fact, contemptuous. See, e.g., In re Heckler, 751 F.2d 954, 955 (8th Cir. 1984) (citing In re Debs, 158 U.S. 564, 594 (1895)).

"In order for a party to be found guilty of civil contempt, the Court must find that (1) a valid court order existed; (2) party had knowledge of order; and (3) party disobeyed order." Merrill Lynch Bus. Fin. Servs., Inc. v. Kupperman, No. 06-4802, 2007 WL 3125231 at *3 (D.N.J. Oct. 24, 2007) (citing Harris v. City of Philadelphia, 47 F.3d 1342, 1349 (3d Cir.1995)). "Civil Contempt is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts." Id. at *2 (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 ( 1949)).

This Court issued an Order on June 19, 2013. The Order required Mr. Novins to produce all materials identified in the IRS Summons at "such time and place as may be fixed by the Internal Revenue Service." Popowitz Decl., Ex. B (Order) at 2. Despite this instruction, and despite the repeated attempts by the IRS to enforce the Court's order, Mr. Novins has failed to provide the tax return sought by the IRS. Indeed, although the IRS picked a date convenient for Mr. Novins to meet and provide the request information, he did not appear on this date and has not responded to the letter sent by the United States Attorney's Office affording him one last opportunity to comply with the Court's June 19, 2013 and avoid civil contempt.

"The Court has great discretion in imposing coercive sanctions on the contemnor and whether to impose fines or order imprisonment." Merrill Lynch Bus. Fin. Servs., Inc., at *4 (citing United States v. United Mine Workers, 330 U.S. 258, 304 (1947)). "Civil contempt is remedial in nature, and serves the purpose of the parties to the action and is intended to coerce compliance with an Order of the Court or to compensate for losses or damages sustained by reason of noncompliance." Id. at *4 (citing Samuels Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 441 (1911)).

A respondent may avoid being found in civil contempt by timely filing a "Motion for Reconsideration of the Order." John McDonnell v. Engine Distributors, No. 03-1999, 2007 WL 2814628, at ¶ *11 (D.N.J. Sept. 24, 2007) (citation omitted). However, in the absence of a stay of the Court's Order or a timely motion for re-consideration, a party may be held in civil contempt. Id.

A party may not simply ignore the Court as Mr. Novins has done here. By failing to provide to the IRS the information sought in the IRS Summons, Mr. Novins has ignored the Court's June 19, 2013 Order and remained intransigent despite the IRS's efforts to attain compliance. Accordingly, an Order to Show Cause should issue requiring Mr. Novins to show cause why he should not be held in civil contempt.

If the Court finds Mr. Novins in civil contempt, it has coercive and compensatory sanctions to compel compliance with the order. See Latrobe Steel Co. v. United Steelworkers of America, 545 F.2d 1336, 1344 (3rd Cir. 1976). In the case of coercive sanctions, the penalty is "customarily either a jail sentence of indefinite duration, which the contemnor may avoid by agreeing to comply with the underlying order, or a fine conditioned on future violations of the underlying order." Gregory v. Depte, 896 F.2d 31, 37 (3rd Cir. 1990) (Becker, J., concurring). Accordingly, the Government requests that Mr. Novins be jailed or fined until such time as the contempt is purged by providing the IRS the requested tax return. See Gompers, 221 U.S. at 442 (imprisoned civil contemnor "carries the keys of his prison in his own pocket").

## CONCLUSION

For all these reasons, an Order to Show Cause in the form filed herewith should issue, requiring Mr. Novins to show cause why he should not be held in civil contempt. If he fails to make such a showing, he should be found in civil contempt and ordered jailed or fined until the

contempt is purged by providing the tax return sought by the IRS Summons.

Dated: Newark, New Jersey
September 13, 2013

                                                PAUL J. FISHMAN
                                               United States Attorney


By:    /s/ Kristin L. Vassallo
           KRISTIN L. VASSALLO
           Assistant United States Attorney